UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CELINA BROUSSARD | CASE NO. 6:25-CV-00593 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| CIRCLE K STORES INC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM RULING

Presently before the Court is the Circle K Stores, Inc.'s Motion for Summary Judgment [ECF No. 9]. No response to the Motion has been filed.

## I.
### BACKGROUND

Winston Broussard was employed by Circle K Stores, Inc. as a cashier/Customer Service Representative[1] who primarily worked at the Circle K Store located at 1806 St. Mary Street in Scott, Louisiana.[2] On November 8, 2023, a customer discovered Broussard collapsed on the sales floor. Paramedics were called, and Broussard was transported to a local hospital where he died later that day. His death certificate listed "cardiac arrest" and "multiorgan failure" as the official causes of death.[3]

At the time of his cardiac arrest, Broussard was on the clock, working for, and being paid by Circle K Stores, Inc.[4] Plaintiff is Broussard's mother and sole surviving dependent.[5] She filed a worker's compensation claim with Circle K seeking death benefits and burial expenses pursuant

---

[1] ECF No. 9, Ex. A, Plaintiff's Petition at ¶¶ 2-3.
[2] *Id.* at ¶ 3
[3] ECF No. 9, Ex. B, Porter Affidavit, at ¶ 5.
[4] *Id.* at ¶ 3.
[5] ECF No. 9, Ex. A, at ¶ 2.

to La. R.S. 23:1231, et seq.[6] She filed a LWC-WC-1008 "Disputed Claim for Compensation" against Circle K indicating that Broussard "was in the course and scope of his employment" when his event happened.[7] Circle K did not dispute Broussard's employment status, but the parties litigated whether death benefits and burial expenses were compensable under the Louisiana Workers' Compensation Act (the "LWCA").

During the pendency of Plaintiffs worker's compensation claim, Plaintiff also filed the present suit against Circle K Stores, Inc. Plaintiff admitted in the present action that Broussard was "employed by" Circle K Stores, Inc. and was "working alone" inside the Circle K store when he "fell."[8] Plaintiff claimed a dangerous condition inside of Circle K's store caused Broussard to fall and that his fall eventually "[led] to his death." Plaintiff made general tort allegations that Circle K was negligent for failing to discover, warn, prevent, remove, etc. the dangerous condition.[9] Plaintiff did not allege intentional acts or other actions on the part of Circle K.

Circle K now seek summary judgment on the basis that they are immune from tort liability under the LWCA. Plaintiff has not responded to the motion.

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[10] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "A genuine issue of material fact exists

---

[6] ECF No. 9, Ex. B, ¶¶ 2 & 4.
[7] *Id.* at ¶ 4.
[8] ECF No. 9, Ex. A, ¶¶ 2-4.
[9] *Id.*, at ¶ 8.
[10] Fed. R. Civ. P. 56(a).
[11] *Id.*

when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12]

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[14] "Credibility determinations are not part of the summary judgment analysis."[15] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[16]

### III.
#### LAW AND ANALYSIS

LSA–R.S. 23:1032 provides that, with the exception of intentional acts, workers' compensation is the exclusive remedy available to an "employee or his dependent" for work-

---

[12] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

[13] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

[14] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).

[15] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

[16] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

related injuries and illnesses.[17] Accordingly, separate tort actions against employers grounded on work-related injuries are generally barred unless the injuries arose from intentional acts.[18]

Immunity from tort liability under the LWCA also applies in instances involving an employee's death as well as those brought by the employee's parent. The LWCA provides that in the event of a deceased employee who leaves neither legal dependents nor children, one lump sum of seventy-five thousand dollars shall be paid to the surviving parent of the deceased employee, which shall constitute the sole and exclusive compensation in such cases.[19] Under Louisiana jurisprudence, it is well established that a contract of employment binds not only the employer and employee, but also his widow, relatives, personal representatives, heirs and dependents and "operate[s] as a complete surrender by those persons of all their rights against the employer for compensation or damages other than that provided by the [LWCA]."[20] Plaintiff has acknowledged in both the worker's compensation claim as well as the present action that Broussard was working for and acting within the course and scope of his employment with Circle K Stores, Inc. at the time of his medical event. Accordingly, Plaintiff's negligence claims against Circle K for a "dangerous condition" that caused him to fall are barred by the LWCA as the LWCA is Plaintiff's sole and exclusive remedy. For this reason, Plaintiff's claim must be dismissed.

---

[17] Specifically, the statute states:
> [T]he rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease [emphasis supplied].

[18] *See Blevins v. Time Saver Stores, Inc.* (La.App. 5 Cir. 10/26/99).

[19] La. R.S. 23:1231(B)(3).

[20] *Atchison v. May*, 10 So.2d 785, 787-788 (La. 1942); *Sherman v. Cabildo Constr. Co.*, 490 So.2d 1386 (La. 1986)(finding that surviving mother of decedent without dependents was entitled to lump sum death benefit but precluded from tort recovery); *Deshotel v. Guichard Operating Co., Inc.*, 03-3511 (La. 12/17/04), 916 So.2d 72 (holding that decedent's adult, nondependent children are "relations" to whom the exclusive remedy provisions of the LWCA apply, and excluded from seeking redress in tort.)

4

For the foregoing reasons, Circle K Stores, Inc.'s Motion for Summary Judgment [ECF No. 9] is GRANTED.

THUS DONE in Chambers on this 26th day of February, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE